360 So.2d 150 (1978)
Richard O'NEILL, Appellant,
v.
BARNETT BANK OF JACKSONVILLE, N.A., a National Banking Association, Appellee.
No. II-94.
District Court of Appeal of Florida, First District.
June 30, 1978.
*151 William J. Deas, of Howell & Deas, Jacksonville, for appellant.
James A. Bledsoe, Jr., of Mahoney, Hadlow & Adams, Jacksonville, for appellee.
MILLS, Acting Chief Judge.
O'Neill appeals from a final judgment entered in favor of Barnett following a nonjury trial in a replevin action. O'Neill, the buyer of an aircraft from Herlong Aviation (Herlong) in which Barnett had a prior security interest, contends that the trial court erred in finding that Barnett's security interest in the aircraft was valid and enforceable as to him and erred in failing to find that Barnett was estopped to enforce its security interest.
Barnett financed the purchase of the aircraft by Herlong. Barnett obtained a security agreement from Herlong and perfected its security interest by registering it with the Federal Aviation Administration. It also filed a financing statement in the public records of Duval County and with the Secretary of State. Herlong represented to Barnett that the aircraft would be used for flight instruction and would not be a part of its sales inventory. The security agreement provided that Herlong would not sell the aircraft without the prior written consent of Barnett. Notwithstanding the terms of the agreement, Herlong sold the aircraft to O'Neill without Barnett's consent.
At the time of the sale, Herlong, a fixed base operation, was engaged in the supply of fuel, maintenance, flight instruction and aircraft sales. The aircraft in litigation was being used by Herlong for rental purposes and had been rented to O'Neill on *152 several occasions. At the time of the sale, O'Neill believed the aircraft was held by Herlong for rental purposes.
O'Neill did not make a search prior to nor at the time of purchase to see if there were any security interests on the aircraft. He did not have actual knowledge of Barnett's security interest.
Herlong subsequently defaulted in the payments required by the note and security agreement and Barnett discovered the sale of the aircraft to O'Neill. It then filed a replevin action.
In determining this appeal, the issues we must resolve are whether O'Neill was a buyer of the aircraft in the ordinary course of Herlong's business and whether Barnett's prior security interest was superior to O'Neill's subsequent ownership interest where it had properly registered its security interest with the Federal Aviation Administration. We resolve both issues in favor of Barnett.
Under Section 671.201(9), Florida Statutes (1975), a buyer in the ordinary course of business is a person who in good faith and without knowledge that the sale to him is in violation of the security interest of a third party in the goods buys in ordinary course from a person in the business of selling goods of that kind. A buyer in ordinary course of business takes free of a security interest created by his seller even though the security is perfected and even though the buyer knows of its existence. Section 679.307(1), Florida Statutes (1975).
Prior to and at the time of the purchase, O'Neill knew that the aircraft was used by Herlong for rental purposes, he had rented it on several occasions, he knew it was not a part of Herlong's sales inventory, he did not purchase it from Herlong's sales inventory and he knew that Herlong was primarily engaged in supplying fuel, maintenance, flight instruction and sales of aircraft. O'Neill knew that Herlong's principal business was fixed base operation, not the sale of aircraft. A sale incidental to the principal business does not make the seller a person in the business of selling goods of that kind. Hempstead Bank v. Andy's Car Rental System, Inc., 35 A.D.2d 35, 312 N.Y.S.2d 317 (1970). Prior to and at the time of the sale of the aircraft, three registration certificates relating to prior owners were present in the aircraft, visible to O'Neill and read by him. The certificates stated:
"It is the responsibility of persons needing information as to recorded instruments affecting the aircraft identified in this certificate to make a personal search of the records or avail themselves of the services of an agent or attorney."
O'Neill was not a buyer in the ordinary course of business as required by Section 671.201(9), therefore, Section 679.307(1) is not applicable to this case.
Registration of interests in aircraft is governed by federal law. Federal Aviation Act, 49 U.S.C. § 1401 et seq. Section 1403(a)(1) requires the Secretary of Transportation to establish a system for recording any interest in aircraft, including security interests. If the interest is properly registered, the interest shall be valid to all persons without further or other recordation. Section 1403(d). The substantive validity of any instrument creating an interest subject to the registration provisions is to be determined by the laws of the state in which the instrument is delivered. Section 1406. The priority or enforceability of interests in aircraft is determined by the federal statute.
In Dowell v. Beech Acceptance Corporation, Inc., 3 Cal.3d 544, 91 Cal. Rptr. 1, 476 P.2d 401 (Cal. 1970), cert. den. 404 U.S. 823, 92 S.Ct. 45, 30 L.Ed.2d 50 (1971), the California Supreme Court carefully analyzed the federal statute and the buyer in ordinary course of business defense created by Section 9-307(1) of the Uniform Commercial Code and held that the Federal Aviation Act preempts Section 9-307(1) and renders a properly registered security interest enforceable against a buyer in ordinary course who subsequently purchases an aircraft. We adopt the logic and reasoning of the court in Dowell.
*153 Section 329.01, Florida Statutes (1975), recognizes the total federal preemption of recordation of interests in aircraft and the rights derived therefrom. O'Neill claims that this Section is repealed by Section 680.103, Florida Statutes (1975), because it is inconsistent with the Code. We do not agree because this Section is consistent with Section 679.302(3)(a), Florida Statutes (1975).
Barnett's security interest in the aircraft is superior to and enforceable against O'Neill's subsequent ownership interest. This would be the case even if O'Neill was a buyer in ordinary course.
O'Neill's estoppel argument is without merit because Section 672.403, Florida Statutes (1975), applies only to financing transactions which involve floor planning of inventory. Barnett did not floor plan the aircraft in litigation nor was O'Neill a buyer in ordinary course.
We affirm the judgment appealed.
ERVIN and MELVIN, JJ., concur.