**Sol Neil CORBIN, as Trustee in Bankruptcy of Franklin New York Corporation, Plaintiff,**

v.

**FEDERAL RESERVE BANK OF NEW YORK, Board of Governors of the Federal Reserve System, Federal Deposit Insurance Corporation, in its Corporate Capacity and as Receiver of Franklin National Bank, Defendants.**

No. 77 Civ. 4896(MP).

United States District Court, S. D. New York.

Oct. 6, 1978.

Barrett, Smith, Schapiro, Simon & Armstrong, New York City, for plaintiff, by Michael O. Finkelstein, Joel M. Gross, New York City, of counsel.

Cahill, Gordon & Reindel, New York City, for defendant Federal Reserve Bank of New York, by William E. Hegarty, Allen S. Joslyn, Patricia A. Pickrel, New York City, of counsel.

Robert B. Fiske, Jr., U. S. Atty., S.D. N.Y., New York City, for defendant Bd. of Governors of Federal Reserve System, by Richard J. Weisberg, Asst. U. S. Atty., New York City.

Casey, Lane & Mittendorf, New York City, for defendant Federal Deposit Ins. Corp., by William E. Kelly, Christopher R. Belmonte, New York City, of counsel.

## OPINION

POLLACK, District Judge.

This action arises from the events surrounding the insolvency of the Franklin Na-

tional Bank ("FNB") in October 1974. Plaintiff is the Trustee in Bankruptcy ("Trustee") of the Franklin New York Corporation ("Franklin New York"), the parent holding company of FNB, and seeks recovery from defendants Federal Deposit Insurance Corporation ("FDIC") and the Federal Reserve Bank of New York ("FRB–NY") of allegedly excessive amounts of interest paid to FRB–NY by FDIC in its capacity as Receiver of the insolvent FNB. Defendant Board of Governors of the Federal Reserve System has been joined as an indispensable party. All defendants now move to dismiss the complaint for lack of federal subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

Beginning in May 1974, FNB disclosed massive foreign exchange losses, and the resulting withdrawal of credit and deposits threatened to close the bank. FRB–NY began making daily loans to FNB, in increasing amounts which reached $1.723 billion on October 8, 1974. FRB–NY advanced the funds in its role as lender of last resort under the Federal Reserve Act, 12 U.S.C. § 221 *et seq.* The advances were secured by FNB assets, as required by 12 U.S.C. § 347b. The last note executed by FNB bore interest of 10% per annum to the date of maturity, October 8, 1974, in accordance with Regulation A of the Board of Governors of the Federal Reserve System ("Board"). 12 C.F.R. § 201.2(e)(2) (1978). No provision was made in the note for interest after maturity.

From May through October, the Comptroller of the Currency, FRB–NY and FDIC sought a solution to the FNB crisis, which threatened to severely disrupt the banking industry and the national economy and represented a potential liability of FDIC for the approximately $750 million in insured deposits. However, FNB's indebtedness to FRB–NY and FRB–NY's security interest proved to be obstacles to a takeover of FNB's business by another bank, as most banks approached by FDIC were unwilling to accept these liabilities.

On October 8, 1974, the Comptroller declared FNB insolvent pursuant to 12 U.S.C. § 191. FDIC was immediately appointed Receiver of FNB, pursuant to 12 U.S.C. § 1821(c). Upon its appointment, FDIC executed various agreements with European-American Bank & Trust Company ("EAB") and FRB–NY. Under the terms of the Purchase and Assumption Agreement, EAB purchased certain of FNB's assets, including its 104 offices which reopened on October 9 as EAB offices, and assumed certain of FNB's liabilities, including all deposit liabilities, about $1.5 billion. *See In Re Franklin National Bank,* 381 F.Supp. 1390, 1391–92 (E.D.N.Y.1974). A premium of $125 million was obtained from EAB to the benefit of the receivership estate because the assets were assumed without an interruption in services at the former FNB offices.

FDIC, acting in its corporate capacity, agreed with FRB–NY, in consideration of FRB–NY's release of its security interest in FNB assets, to assume and pay FNB's $1.7 billion indebtedness to FRB–NY with interest. The Assumption Agreement provided for repayment of principal and simple interest of 7.52%, less certain liquidation expenses, in three years, subject to an adjustment of interest up to a maximum of 8.5% compounded annually depending upon the amount realized in liquidation.

FDIC-corporate further agreed to purchase from FDIC as Receiver FNB's remaining assets for purposes of liquidation, in accordance with the Agreement of Sale. That Agreement further provided that any liquidation proceeds in excess of repayments of principal and interest to FRB–NY would be paid over to FDIC as receiver for ultimate distribution to FNB's creditors and shareholders.

The various agreements were approved by the late Judge Judd of the Eastern District of New York pursuant to 12 U.S.C. § 192. *In Re FNB, supra.*

The FDIC has repaid FRB–NY as specified, with the final payment of principal

and simple 7.52% interest made on October 7, 1977. The liquidation of assets purchased by FDIC continues and thus it is not known whether the upward adjustments of interest due FRB–NY will ever be made. If the interest is payable at the maximum rate, the total will be approximately $293 million, which is alleged to exceed by $103 million the amount that would reasonably compensate FRB–NY for the use of its money for three years, and would consume substantially all of the remaining assets of the FNB receivership estate.

Franklin New York filed a petition in bankruptcy on October 16, 1974, and plaintiff was appointed Trustee in Bankruptcy. Notice of plaintiff's claim was given FDIC and FRB–NY by letter dated May 17, 1977. This action was commenced October 6, 1977, nearly three years after the declaration of insolvency and the execution of the agreements described above. Plaintiff Trustee purports to bring this action as a creditor of the FNB receivership estate, and derivatively on behalf of FDIC-Receiver.

The several motions before the Court are disposed of as follows:

1. The First Claim for relief asserts that the interest provisions of the Assumption Agreement are "inequitable and unjust" to the creditors and shareholders of FNB. The Second Claim for relief asserts that FDIC is a trustee for those creditors and shareholders and had a fiduciary duty to administer the liquidation of FNB in the interests of all creditors and stockholders;

and that its agreement to pay inequitable interest was a breach of its fiduciary duty.

■ For purposes of its motion to dismiss these claims, FDIC assumed that it had and breached a duty to the plaintiff. Consequently whether there is such a duty and whether it was breached are questions which are not before the Court at this time. The statutes do give FDIC *in its corporate capacity* the discretion to set the terms and conditions of a purchase of assets from itself as a Receiver (12 U.S.C. §§ 1823(d) and (e))—but they do not give unlimited discretion to a Receiver to fix the terms and conditions of a sale of receivership assets. As to the Receiver, the fairness of the terms to which it agrees are not beyond the scope of traditional judicial review.

Consequently, under the assumptions noted above, the motions of FDIC and FRB–NY to dismiss the First and Second Claims are denied for the present, and an evidentiary hearing on the issue of fairness of the interest terms must be had.

■ In so holding the Court rules that plaintiff's claim is not for money damages [1] and consequently is not barred by the exclusive remedy or limitations provisions of the FTCA; [2] that the broad "sue and be sued" clause in the Federal Deposit Insurance Act [3] has waived FDIC's sovereign immunity with respect to this suit to enforce FDIC's fiduciary duty; [4] and that plaintiff has standing to complain of a breach of duty by FDIC as Receiver.[5]

---

1. The Court reserves the question whether to the extent plaintiff seeks to recover a part of the 7.52% simple interest already paid to FRB–NY the claim is one for money damages, litigation of which is barred by the FTCA. That issue may be raised by affirmative defense for later resolution.

2. Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2675(a), 2679(a).

3. 12 U.S.C. § 1819.

4. Plaintiff's claim is not a tort claim within the meaning of the FTCA. *Cf. Woodbury v. United States*, 192 F.Supp. 924, 937–38 (D.Or.1961) (breach of fiduciary duty arising out of contract not a tort), *aff'd on other grounds*, 313 F.2d

291, 294 (9th Cir. 1963) (indicating disagreement with district court). Therefore, plaintiff's reliance on the "sue and be sued" clause of § 1819 is not an improper attempt to avoid the requirements of the FTCA. *See, e. g., Edelman v. Federal Housing Administration*, 251 F.Supp. 715 (E.D.N.Y.1966), *aff'd*, 382 F.2d 594 (2d Cir. 1967).

5. Plaintiff has alleged an injury in fact, and his interest in the proper administration of the FNB estate is among those protected by FDIC's obligations as a fiduciary. *See, e. g., Sierra Club v. Morton*, 405 U.S. 727, 733, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972).

2. The Third and Fourth Claims challenge the Assumption Agreement made by FDIC and FRB–NY as violative of the maximum term and the floating interest rate requirements of the Federal Reserve Act and Regulations of the Board of Governors and FRB–NY.[6] Those requirements do not support those claims since they apply only to advances by FRB to member banks and do not serve to limit the powers of FRB to work out a default on an advance when a member bank becomes insolvent.

The Third and Fourth Claims in the complaint are accordingly dismissed.

3. Defendant Board of Governors of the Federal Reserve System has been joined as an indispensable party. Plaintiff has conceded that he seeks no relief against that defendant. The plaintiff could obtain all the relief he seeks by a declaration against FDIC and FRB–NY that the interest provisions of their agreement are invalid, if such a declaration were appropriate. Such relief will not affect the Board's operations or functions and there is no need to join the Board on the notion that a superior officer is indispensable to an action against a subordinate. *Williams v. Fanning*, 332 U.S. 490, 494, 68 S.Ct. 188, 92 L.Ed. 95 (1947). *See* 3A J. Moore, *Fed. Prac.* ¶ 19.-16[2] (2d ed. 1974). *Cf. Raichle v. Federal Reserve Bank of New York*, 34 F.2d 910, 916 (2d Cir. 1929).

The defendant Board of Governors of the Federal Reserve System is dismissed from this suit.

4. The motion to transfer this suit to the Eastern District of New York is denied.

SO ORDERED.

---

6. 12 U.S.C. §§ 347, 347b; 12 C.F.R. § 201.-3(e)(2) (1978); FRB–NY Op.Cir. No. 12, rev. eff. Feb. 4, 1971.

N.B. The area of the issue to be litigated is reasonably narrow and any discovery proceedings to be conducted herein should adhere to matter relevant to that narrow scope, namely, the fairness of the rates of interest provided in the Assumption Agreement.