### 64306. UNITED CAROLINA BANK v. CAPITAL AUTOMOBILE COMPANY, INC.

MCMURRAY, Presiding Judge.

In 1978 American Bank & Trust Company (which has since merged with and become the plaintiff United Carolina Bank) financed the purchase of a Cadillac by Wilhelm Leasing, Inc. (Wilhelm). The Cadillac in question was leased by Wilhelm to Federated Financial Mortgage Corporation (Federated), Wilhelm assigning all rights, title and interest in and to the lease agreement and the Cadillac to the plaintiff's predecessor. Approximately a year and a half later the Georgia certificate of title was issued on the Cadillac showing Wilhelm as titleholder and the plaintiff's

predecessor as first lien holder. The certificate of title has been held since issuance by plaintiff or its predecessor.

In early 1981 Capital Automobile Company, Inc. was contacted by Federated which was interested in leasing a new car and in paying off the "buy out" cost of the leased Cadillac. Capital contacted the lessor (Wilhelm) and paid the "buy out" figure and took possession of the Cadillac without the knowledge or the approval of the bank (the first lien holder and assignee of all rights, title and interest in the Cadillac and lease). Capital immediately sold the Cadillac in question.

Subsequently, the bank contacted the lessee due to late lease payments and learned of the sale to Capital. The plaintiff brought this action against Capital Automobile Company, Inc. seeking to exercise its rights as to the Cadillac. Plaintiff alleged that it held a perfected security interest in the subject Cadillac and sought damages for defendant's conversion of the Cadillac to its own use in an amount sufficient to satisfy the underlying secured debt, or alternatively, release of the Cadillac to the plaintiff.

After discovery both the plaintiff and defendant filed motions for summary judgment. The trial court denied the plaintiff's motion for summary judgment and granted the motion for summary judgment of the defendant. From this order the plaintiff appeals. *Held:*

Contrary to the contentions of the defendant the correct avenue for the bank's perfecting of its security interest in the Cadillac in question was through the procedure set forth in the Motor Vehicle Certificate of Title Act (Code Ann. § 68-401a et seq.; Ga. L. 1961, p. 68, as amended) as opposed to the filing of its financial statement under the procedures established by the Uniform Commercial Code (Code Ann. Title 109A; Ga. L. 1962, p. 156, as amended). The vehicle in question being in regular, not incidental, use on the highway avoids the exceptions to the Certificate of Title Act set forth in Code Ann. § 68-405a (Ga. L. 1961, pp. 68, 73; 1962, pp. 79, 80) and Code Ann. § 68-404a (2) (Ga. L. 1961, pp. 68, 72; 1962, pp. 79, 80). See *First Nat. Bank &c. Co. v. Smithloff,* 119 Ga. App. 284, 286 (1) (167 SE2d 190). See also Code Ann. § 109A-9—302 (3) (b) (Ga. L. 1978, pp. 1081, 1103).

Although the plaintiff delayed for a substantial period of time in perfecting its security interest under the Motor Vehicle Certificate of Title Act, by applying for a certificate of title showing it as the holder of a security interest, this was accomplished on September 19, 1979, approximately a year and a half prior to the sale by Wilhelm to Capital giving rise to this litigation. The perfection of the bank's security interest under Code Ann. § 68-421a (b) (Ga. L. 1978, pp.

1081, 1139) was valid against subsequent transferees. See Code Ann. § 68-421a (a) (Ga. L. 1978, pp. 1081, 1139). We also note here that under the broad assignment of "title" to the Cadillac it probably could have obtained a certificate listing it as "owner" instead of Wilhelm.

Defendant contends that even if the Motor Vehicle Certificate of Title Act is applicable and plaintiff's security interest perfected thereunder that it may still rely upon the provisions of Code Ann. § 109A-9—307 (1) (Ga. L. 1978, pp. 1081, 1109; 1980, pp. 443, 444) so as to take free of plaintiff's perfected security interest. Defendant's assertion is predicated upon the supposition that it is a "buyer in the ordinary course of business," within the meaning of Code Ann. § 109A-9—307 (1), supra. Code Ann. § 109A-9—307 (1), supra, makes reference to Code Ann. § 109A-1—201 (9) (Ga. L. 1978, pp. 1081, 1135) for a definition of the phrase "buyer in ordinary course of business" and within that definition we must closely examine the phrase "a person in the business of selling goods of that kind." This presents an issue as to whether Wilhelm is in the business of selling automobiles. A negative answer would preclude defendant from being a "buyer in [the] ordinary course of business" and thus deny defendant the defense set forth by Code Ann. § 109A-9—307 (1), supra, permitting avoidance of the plaintiff's perfected security interest.

We note first that the nature of defendant's business is immaterial to our determination. Defendant argues that Wilhelm necessarily purchased and sold every vehicle in its inventory at some point in time, thus suggesting that Wilhelm is in the business of selling automobiles. However, the evidence contained in the record does not show that Wilhelm was in the business of selling cars. Any evidence as to this issue suggests that Wilhelm was in the business of leasing cars. Thus the sale of the used cars upon termination of the leases was merely incidental to its leasing business. As Code Ann. § 109A-9—307 (1), supra, has no application to such incidental sales we hold that defendant Capital did not purchase from a person engaged in the business of selling cars and is therefore not entitled to the protection afforded by Code Ann. § 109A-9—307 (1), supra, to buyers in the ordinary course of business. Hempstead Bank v. Andy's Car Rental System, 312 NYS 2d 317, 320-321 [2]. Compare Bank of Utica v. Castle Ford, Inc., 317 NYS 2d 542, 545 [1]; Tanbro Fabrics Corp. v. Deering Milliken, Inc., 350 NE2d 590, 593 [1].

Defendant's final argument involves Code Ann. § 109A-9—302 (3) (b), supra, which excludes from the purview of the Uniform Commercial Code property required to have a certificate of title under the Motor Vehicle Certificate of Title Act. An exception to this

exclusion is that "but during any period in which collateral is inventory held for sale by a person who is in the business of selling goods of that kind, the filing provisions of this Article (Part 4) apply to a security interest in that collateral created by him as debtor." Defendant argues that if the terms of the lease on the Cadillac in question make the Cadillac available for sale at any time it is subject to the exception of this exclusion. Pretermitting the validity of the defendant's assertion that the lease provides for the sale of the vehicle at any time we note that we have already determined that Wilhelm is not "a person in the business of selling goods of that kind" so that this exception to the exclusion is inapplicable in the case sub judice.

The record showing a perfected security interest in the plaintiff under the applicable Motor Vehicle Certificate of Title Act and no valid defenses or exceptions to plaintiff's rights thereunder having been shown in the record it appears that the trial court erred in granting summary judgment in favor of the defendant. Indeed, partial summary judgment should have been granted to the plaintiff as to liability.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 10, 1982 —
REHEARING DENIED OCTOBER 8, 1982 — 

*J. Renee Kastanakis,* for appellant.
*Scott Hobby, Thomas D. Harper,* for appellee.