**In re LA MANCHA AIRE, INC., Debtor.**

**LA MANCHA AIRE, INC., Plaintiff,**

**v.**

**FEDERAL DEPOSIT INSURANCE CORP. etc., Defendant.**

**Bankruptcy No. 84–00774–BKC–TCB.**
**Adv. No. 84–0314–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

July 26, 1984.

Patricia Redmond, Miami, Fla., for debtor.

Paul D. Friedman, Miami, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The chapter 11 debtor-in-possession seeks avoidance under 11 U.S.C. § 547(b) of a preferential transfer. Defendant has answered and the matter was tried on July 19.

The facts are not in dispute. In March 1983, the debtor, a Miami charter air service, borrowed $75,000 from a Miami bank upon a note secured by a Douglas DC7CF aircraft, Serial No. 45188, Registration No. N103LM.

A financing statement was filed promptly with the Secretary of State in Tallahassee, but § 679.302(3)(a), Florida Statutes, provides that a Florida UCC filing:

"is not necessary or *effective* to perfect a security interest in property subject to: (a) A statute or treaty of the United States which provides for a national or international registration or a national or international certificate ·of title or which specifies a place of filing different from that specified in this chapter for filing of the security interest." (Emphasis supplied).

The Civil Aeronautics Act of 1938 specifies that security interests in aircraft be filed with the FAA in Oklahoma City. 49 U.S.C. § 1403. This federal provision makes the filings of aircraft liens in Florida

ineffectual. *O'Neill v. Barnett Bank of Jacksonville, N.A.,* 360 So.2d 150 (Fla. 1st DCA 1978).

The security interest was not perfected by a FAA filing in Oklahoma City until February 1984. The bankruptcy petition was filed two months later, on April 26.

The debtor's grant of this security interest was a "transfer" for the purposes of § 547(b). *Collier on Bankruptcy* (15th ed.) ¶ 547.14.

For the purposes of § 547(b), the date of a transfer is the date it was perfected. § 547(e)(2)(B). Therefore, this transfer was to a creditor for or on account of an antecedent debt, made within 90 days before bankruptcy and while the debtor was insolvent. § 547(f).

The debts in this estate ($267,132) are 11 times the estimated value of the assets ($23,740). This transfer, therefore, also enabled the bank to receive more than it would as an unsecured creditor in liquidation.

The plaintiff/debtor has established, therefore, each of the five elements of a preference voidable under § 547(b).

In making the foregoing findings and reaching the foregoing conclusion, I have not overlooked defendant's principal defense. The defendant, FDIC, is the receiver for a bank under the 1950 Federal Deposit Insurance Act. The FDIC argues that this lien cannot be avoided because the debtor admits that it requested, when the loan was made, that the security interest not be perfected. The FDIC relies upon 12 U.S.C. § 1823(e), which provides:

"Agreements against interests of Corporation. *No agreement* which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as a security for a loan or by purchase, *shall be valid* against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons

claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank. (Emphasis supplied).

The statute is designed to protect the FDIC both as insurer and as receiver from the effect of secret agreements between an insured bank and its obligors. It resembles a dead man's statute and serves much the same purpose. The only effect of the statute, however, is to render certain secret agreements unenforceable against the FDIC. It has no application to the facts here, where no one is attempting to enforce a secret agreement against the FDIC. The FDIC is the only party here trying to enforce an agreement.

Even if we assume that the debtor and the bank secretly agreed not to record the agreement properly, which has not been established, the statute neither prohibits nor provides a remedy against such agreement.

The FDIC relies upon *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.1982). That reliance is misplaced. The court affirmed a judgment for the FDIC against the maker of a note who sought rescission of the note on grounds of fraudulent misrepresentation by the insured bank. But in doing so, the court held that the fraud claims are not barred by the statutory language in § 1823. Id. at 867. The court held that:

"as a matter of federal common law, the FDIC has a complete defense to *state and common law fraud claims* on a note acquired by the FDIC in the execution of a purchase and assumption transaction, for value, in good faith, and without actual knowledge of the fraud at the time the FDIC entered into the purchase and assumption agreement." (Emphasis supplied).

Neither the court's holding nor its reasoning suggests any federal common law defense to a *federal* statutory claim against the FDIC.

FDIC also relies on and cites *D'Oench, Duhme & Co., Inc. v. Federal Deposit Insurance Corp.*, 315 U.S. 447, 62 S.Ct. 676, 86 Ed. 956 (1942) which preceded enactment of § 1823 by eight years. The holding in *D'Oench* is summarized in *Gunter* (at 872, n. 14) as are the implications of that holding in the development of a federal policy to protect the FDIC. However, this policy to protect the federal agency from the vagaries of state law affords no basis to exempt the FDIC from a federal statutory cause of action, provided to assure equitable distribution of an insolvent debtor's assets to its creditors.

As is required by B.R. 9021(a), a separate judgment will be entered voiding under § 547(b) the security interest granted by the debtor to All American National Bank in the Douglas DC7CF aircraft identified above. Costs may be taxed on motion.