**In re FIRST CITY FINANCIAL CORPORATION, a New Mexico corporation, a/k/a Moncor Inc., Debtor.**

**FIRST CITY FINANCIAL CORPORATION,**
Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, Defendant.**

**Bankruptcy No. 11–85–01146 MA.**
**Adv. No. 85–0408 M.**

United States Bankruptcy Court, D. New Mexico.

April 29, 1986.

---

Seth Montgomery, Santa Fe, N.M., for plaintiff.

Robert A. Johnson, Albuquerque, N.M., for defendant.

### MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the Federal Deposit Insurance Corporation's (FDIC) motion to dismiss the debtor's complaint of preferential transfer under 11 U.S.C. § 547.

The issue before the Court is whether the debtor, First City Financial Corporation (FCFC) may maintain a cause of action against the FDIC in its receiver and corporate capacities under 11 U.S.C. § 547.

The Office of the Comptroller of the Currency appointed the FDIC as receiver of the Moncor Bank, N.A., Hobbs, New Mexico (Hobbs Bank) pursuant to 12 U.S.C. § 1821(c) (1980) after determination that the bank was insolvent. As receiver the FDIC stands as a creditor of FCFC. Subsequently the debtor sought to recover transfers made to the Hobbs Bank as preferences avoidable under 11 U.S.C. § 547.

FDIC's position is that 12 U.S.C. § 1823(e) immunizes it from preference actions under 11 U.S.C. § 547 and, therefore, it is entitled to an order of dismissal with prejudice as a matter of law.

■ The FDIC was created to insure banks thus creating stability of and confidence in the national banking system. *Gunter v. Hutcheson*, 674 F.2d 862 (11th Cir.1982). However, neither the Bankruptcy Code (Title 11) nor the National Bank Act (Title 12) contains language suggesting that the FDIC should be treated differently than other creditors under the Code. Section 1819 of The National Bank Act provides that the FDIC is a "body corporate" and as such has "the power ... to sue and be sued, complain and defend, in any court of law or equity." 12 U.S.C. § 1819 (1980). Section 1821(d) of the same act empowers the FDIC, as receiver, "to wind up the affairs of such closed bank in conformity with the provisions of law relating to the liquidation of closed national banks, except as herein otherwise provided." 12 U.S.C. § 1821(d). This section is not inconsistent with Bankruptcy Code provisions providing for recovery of preferences. Nor is there language implying that Title 12 supervenes other federal law. Therefore, even with its unique mandate under Title 12 no section of the National Banking Act bars suit against the FDIC to set aside preferential transfers.

■ In execution of its obligations the FDIC is subject to limitation via judicial scrutiny. In *Corbin v. Federal Reserve Bank of New York*, the court held that the provision of the National Bank Act gives the FDIC some discretion with regard to the purchase of assets from itself as receiver. That discretion is not absolute, however, and is "not beyond the scope of traditional judicial review." *Corbin v. Federal Reserve Bank of New York*, 458 F.Supp. 143 (S.D.N.Y.1978), *modified on other grounds*, 629 F.2d 233 (2nd Cir.1980).

FDIC, citing 12 U.S.C. § 1823(e), also maintains that in its roles as receiver and corporation it is insulated from attempts to defeat the collection of bank assets which are evidenced by valid and binding documents. The court in *In re La Mancha Aire, Inc. v. FDIC*, found that § 1823(e) "is designed to protect the FDIC both as insuror and as receiver from the effect of *secret agreements* between an insured bank and its obligor." *In re La Mancha Aire, Inc. v. FDIC*, 41 B.R. 647 (Bankr.S.D.Fla. 1984) [emphasis added]. Section 1823(e) is not applicable to the instant case where there is no secret agreement in issue.

The essence of § 1823(e) was preceded by case law in *D'Oench, Duhme & Co., Inc. v. FDIC*. There an obligor, who had sold a bank defaulted bonds, had a secret understanding with the bank that certain notes would not be repaid therefore obviating the necessity for the bank to show the defaulted bonds on its books. The bank became insolvent and the FDIC sued on the notes. The Supreme Court held that the obligor was estopped from denying its liability on the notes, finding there was federal policy to protect the FDIC from misrepresentation which would influence its actions. *D'Oench, Duhme & Co., Inc. v. FDIC*, 315 U.S. 447, 459, 62 S.Ct. 676, 680, 86 L.Ed. 956 (1942). The Bankruptcy Court in *La Mancha Aire* addressed this federal policy protecting the FDIC. There, as in the case at bar, the FDIC sought refuge from a § 547 action under § 1823(e) and *D'Oench* but the Court stated:

> this policy to protect the federal agency from the vagaries of state law affords no basis to exempt the FDIC from a federal statutory cause of action, provided to assure equitable distribution of an insolvent debtor's assets to its creditors.

*La Mancha Aire* at 649.

■ In the instant case there is no secret agreement between Hobbs Bank and an obligor which would invoke § 1823(e). Nor is the debtor utilizing state law to thwart the FDIC. Rather the debtor seeks to recover assets under a federal statutory cause of action. Therefore § 1823(e) does not protect FDIC from suit under the Bankruptcy Code.

■ Title 11 § 550(b) also will not provide FDIC immunity from FCFC's avoidable preference action. Section 550(b) provides that a debtor-in-possession cannot recover property or security interests avoided under § 547 where the transferee is basically a holder in due course. We find that as a matter of law the FDIC is not a holder in due course and therefore is subject to FCFC's action.

Neither federal statutory law nor case law provide any basis for sustaining the FDIC's position that it is immune from suit by First City Financial Corporation. We hold that the debtor may maintain its cause of action against the FDIC under 11 U.S.C. § 547.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.