897 So.2d 499 (2005)
UNION PLANTERS BANK, N.A., a National Banking Association, Appellant,
v.
PENINSULA BANK, etc., et al., Appellees.
Nos. 3D04-394, 3D03-2840.
District Court of Appeal of Florida, Third District.
February 23, 2005.
Rice Pugatch Robinson & Schiller; Hersch & Talisman and Patrice A. Talisman, Miami, for appellant.
Stearns Weaver Miller Weissler Alhadeff and Sitterson and Mark D. Solov and Drew M. Dillworth; Holland & Knight and Rodolfo Sorondo, Jr. and Christopher N. Bellows, Miami, for appellees.
Before SHEPHERD, CORTINAS, and ROTHENBERG, JJ.
*500 ROTHENBERG, Judge.
InterAmerican Car Rental, Inc. (InterAmerican), a car rental company, defaulted on its loans in 2002. Several of its creditors attempted to recover money owed to them. Two of its creditors, Ocean Bank and Peninsula Bank, noted their liens on vehicle certificates of title, and also filed sworn statements of lien as required by Chapter 319, Florida Statutes (2002). Union Planters Bank (Union Planters) failed to note its liens on the certificates of title but did file UCC-1's and filed them prior to those filed by Ocean Bank and Peninsula Bank. Union Planters claims that based upon section 679.3111, Florida Statutes (2002), it properly perfected its security interest in InterAmerican's vehicles by filing its UCC-1's and since its UCC-1's were filed prior to those filed by Ocean Bank and Peninsula Bank, Union Planters argues that its interest takes priority.
In support of this claim, Union Planters claims that since InterAmerican sold approximately 4,000 vehicles per year, earning 60-70% of its revenue in this manner, that it was "in the business of selling used cars," and thus section 679.3111 provides for an exception to the requirement in section 319.27, Florida Statutes (2002), that liens be noted on the vehicles' certificates of title. Chapter 319 provides that:
(1) Each lien ... on a motor vehicle ... shall be noted on the face of the Florida certificate of title....
(2) No lien ... shall be enforceable in any of the courts of this state ... unless ... such lien has been noted upon the certificate of title of the motor vehicle....
§ 319.27, Fla. Stat. (2002).
[N]o title, lien, or other interest in [a motor] vehicle ... shall be valid unless evidenced in accordance with this chapter [319].
§ 319.20, Fla. Stat. (2002).
Chapter 319 provides one exception to this rule when a debtor is a licensed dealer selling motor vehicle "floor plan stock." § 319.27(1), Fla. Stat. (2002). As stated earlier, InterAmerican is not a licensed dealer. Therefore, the lone exception to the notation requirements provided for in Chapter 319 is inapplicable to the facts herein.
Union Planters, however, claims an exemption to the title notation statute in Chapter 319 pursuant to section 679.3111(4), Florida Statutes (2002), which provides that perfection in motor vehicles is obtained by filing a UCC financing statement where the motor vehicles are: "inventory held for sale or lease by a person ... in business of selling goods of that kind...." § 679.3111(4), Fla. Stat. (2002).
Union Planters argues that InterAmerican's rental fleet was "inventory held for sale" and because InterAmerican sold approximately 4,000 vehicles per year, earning 60-70% of its revenue in this manner, that it was "in the business" of selling used cars.
The official comment to this UCC provision notes that the "fact that the debtor eventually sells the goods does not, of itself, mean that the debtor is `in the business of selling goods of that kind.'" See U.C.C. § 9-3111 cmt. 4. After a review of the evidence and case law, the trial court concluded that InterAmerican was not in the business of selling cars. We agree.
It is not disputed that InterAmerican is in the business of renting motor vehicles and only sold its used vehicles after nine to ten months when they had lost their usefulness to its rental business. All of its vehicles were sold through wholesale auctions or by selling them directly to wholesalers *501 and dealers. None of these vehicles were ever sold directly to individuals, nor were they advertised for sale or displayed in any manner to the public for sale. It is also undisputed that InterAmerican was not a licensed dealer, as it never held a dealer's license. It has always held itself out exclusively as a short-term rental car company.
Additionally, section 320.27(1)(c), Florida Statutes (2002), exempts certain vehicle sales from its definition of "dealer" sales:
The term "motor vehicle dealer" does not include persons not engaged in the purchase or sale of motor vehicles as a business who are disposing of vehicles acquired for their own use or for use in their business....
§ 320.27(1)(c)(5), Fla. Stat. (2002). As InterAmerican is merely "disposing" of the vehicles it acquired for its use in its car rental business, InterAmerican's conduct clearly falls within the exception articulated in section 320.27(1)(c)(5), Florida Statutes (2002). See O'Neill v. Barnett Bank of Jacksonville, N.A., 360 So.2d 150, 152 (Fla. 1st DCA 1978)(holding that even though company ultimately sold aircraft, the predominant use of the aircraft was for rental, and thus, company was not in the business of selling); United Carolina Bank v. Capital Auto. Co., 163 Ga.App. 796, 294 S.E.2d 661, 663 (1982)(holding that even though car leasing company sold its cars after using them for leasing, sales were incidental to leasing business, and company therefore, was in the business of leasing, not selling); Hempstead Bank v. Andy's Car Rental Sys., Inc., 35 A.D.2d 35, 312 N.Y.S.2d 317, 320-21 (N.Y.App.Div.1970)(holding that even though rental car company sold all its cars and replaced them with new ones, its business was renting, not selling).
To conclude otherwise would require tortured logic and lead to an absurd result. InterAmerican sells gasoline and automobile insurance to those who rent their vehicles, and yet no one would argue that it is in the insurance or gasoline sales business. It is axiomatic that in order to operate a car rental company, one by necessity must constantly phase out (sell) its older inventory and restock its fleet with new or newer vehicles. The disposal of these vehicles at wholesale auction or by selling them directly to wholesalers or dealers for that purpose clearly was not intended to fall within the definition of what constitutes a "motor vehicle dealer." See Meteor Motors, Inc. v. Hyundai Motor Am. Corp., No. 97-8820-Civ., 1999 WL 1800074 (S.D.Fla.1999), wherein the court held that Dollar Rent-A-Car, which sells cars to dealers who in turn sell them to public, is exempt from the definition of "motor vehicle dealer" and additionally concluded that the fact that it also serviced its own vehicles did not take it outside of this rental car exclusion.
We therefore affirm the trial court's order granting final summary judgment in favor of defendants Ocean Bank and Peninsula Bank, and denying Union Planters' cross-motion for summary judgment.
Affirmed.